◼ In the Matter of the Claim of DONNA L. STEARNS, Appellant. COMMISSIONER OF LABOR, Respondent. [681 NYS2d 633] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 29, 1997, which, upon reconsideration, adhered to its prior decision ruling, *inter alia*, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant, employed with a temporary employment agency, accepted an assignment with a client to work with Word Perfect and Lotus software packages. When that assignment ended, she opted to continue working two days a week for the same client but was required to learn a new software program. Claimant found the new program difficult to comprehend and was unhappy with her level of proficiency. Thereafter, claimant left her assignment because she felt that she could not meet the client's expectations and the attitudes of her supervisor and co-workers were uncooperative and hostile. It has been held that neither job dissatisfaction, including dissatisfaction with general working conditions (*see, Matter of Aronson [Hudacs]*, 194 AD2d 1046), nor failure to get along with co-workers

or a supervisor constitute good cause for leaving employment (*see, Matter of Solano [Sweeney]*, 234 AD2d 845). Under these circumstances, substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant voluntarily left her employment without good cause, notwithstanding claimant's contention that she was coerced into leaving. Claimant's remaining contentions, including that the terms of her employment were significantly altered, have been reviewed and found to be without merit.

Cardona, P. J., Mercure, Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.