■ In the Matter of the Claim of ROSE COLOMBO, Appellant. HOPE FOR YOUTH, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [697 NYS2d 387] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 4, 1999, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed by a nonprofit group home for adolescent boys as a care worker for four months until October 22, 1997. In June 1997, claimant obtained full-time employment elsewhere, thereby restricting the hours she was available to work for the subject employer. Nevertheless, in July 1997, claimant applied for a house manager position with the instant employer but limited her hours of availability. Another candidate was chosen for the position and claimant thereafter worked 100 hours for the employer in August 1997 but worked no hours in September 1997. In October 1997, claimant

requested and received additional hours after losing her full-time employment. On October 23, 1997, claimant resigned from her position because she received no work in September 1997, did not receive the position of house manager and because she believed her concerns about the behavior of some of the group home residents were not addressed.* The Unemployment Insurance Appeal Board ruled that claimant voluntarily left her employment without good cause and disqualified her from receiving unemployment insurance benefits.

There is substantial evidence in the record to support the Board's decision; therefore, it must be affirmed. Significantly, the Board rejected claimant's assertion that she received no hours in September 1997 due to retaliation because of her full-time employment, noting that the employer later granted her request for increased hours. The Board also found no support for claimant's argument that she was discriminatorily denied a promotion because of her race and age, especially in light of the fact that claimant herself limited her availability for the position. Furthermore, the Board specifically credited the testimony of the employer's witnesses that, contrary to claimant's contention, her concerns about the behavior of certain residents were heard and addressed by the employer. This Court has previously ruled that dissatisfaction with one's job and general working conditions does not constitute good cause for leaving one's employment (*see, Matter of Stearns [Commissioner of Labor]*, 256 AD2d 781; *Matter of Najda [Commissioner of Labor]*, 249 AD2d 670). Considering the evidence in this case and the permissible inferences that can be drawn therefrom, we find no reason to disturb the Board's decision.

Mercure, J. P., Crew III, Peters, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Although the record indicates that, following her separation from employment, claimant complained about unpaid wages and won a small claims judgment, claimant provided several different reasons for quitting and the Unemployment Insurance Appeal Board chose to credit her statement that she resigned her employment for reasons unrelated to her wages.